UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

: Kelsey-Breeann: Boldman,
Plaintiff,

v.

AUMSVILLE POLICE DEPARTMENT, OFFICER ROBELLO
CHIEF FLOWERS, SERGEANT BIRD
BRENDA CAMPBELL, CLERK OF COURT
TURNER POLICE DEPARTMENT, OFFICER NIX
MARION COUNTY SHERIFF'S OFFICE,
SERGEANT CRANDALL, and DEPUTY REJAIAN
Defendants

Case No. 6:25-CV-00603-MTK
COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS (42 U.S.C. § 1983)

## INTRODUCTION

1. Plaintiff, Kelsey-Breeann Boldman, brings this action to redress violations of her constitutional rights by Defendants arising from her unlawful arrest, excessive force, property seizure, and subsequent procedural misconduct on September 22, 2024, and beyond.

2. Plaintiff seeks compensatory and punitive damages, expungement of her arrest record, and injunctive relief to prevent future violations of constitutional rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

4. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred in Marion County, Oregon, within this Court's jurisdiction.

## PARTIES

5. Plaintiff, Kelsey-Breeann Boldman, is a resident of Turner, Oregon.

6. Defendant Aumsville Police Department is a municipal entity responsible for the actions of its officers.

7. Defendant Officer Robello is an individual employed by Aumsville Police Department and acted under the color of state law.

8. Defendant Chief Flowers is the Chief of Aumsville Police Department and acted under the color of state law in all relevant actions.

9. Defendant Brenda Campbell is the Clerk of Court for Aumsville and was directly involved in the refusal to return Plaintiff's property, contributing to the procedural misconduct.

10. Defendant Sergeant Bird is an individual employed by Aumsville Police Department who actively participated in withholding Plaintiff's property, violating her due process rights

11. Defendant Turner Police Department is a municipal entity responsible for the actions of its officers.

12. Defendant Officer Nix is an individual employed by Turner Police Department and acted under the color of state law.

13. Defendant Marion County Sheriff's Office is a municipal entity responsible for the actions of its officers.

14. Defendant Sergeant Crandall is an individual employed by Marion County Sheriff's Office and acted under the color of state law.

15. Defendant Deputy Rejaian is an individual employed by Marion County Sheriff's Office and acted under the color of state law.

## FACTUAL ALLEGATIONS

16. On September 22, 2024, Plaintiff was stopped and arrested by Defendant Officer Robello without probable cause or reasonable suspicion.

17. Defendant Officer Robello escalated the situation by deploying spike strips, striking Plaintiff's car, and using excessive physical force, including ripping her hair, throwing her to the ground, and tightly handcuffing her.

18. Plaintiff's daughter, Kaili, and her dog were present during the arrest, adding emotional trauma to the event.

19. Plaintiff was detained for nearly 24 hours, during which she was forced to remove her jewelry and body piercings, causing them to close, despite nearly a year of healing.

20. Following the arrest, Plaintiff's personal property, including her firearm and identification, was unlawfully seized by Aumsville PD.

21. Plaintiff submitted multiple written requests for the return of her property, which were ignored.

22. Defendant Chief Flowers forwarded Plaintiff's complaint to the department's insurance company rather than addressing the matter properly.

23. Plaintiff was forced to file a motion with the court and present her case before a judge, who had to sign an order directing Aumsville PD to release her property.

24. Defendant Brenda, as Clerk of Court for Aumsville, played a role in delaying and preventing the return of Plaintiff's property by failing to properly process Plaintiff's requests and legal filings.

25. Defendant Sergeant Bird participated in the wrongful retention of Plaintiff's personal belongings, forcing Plaintiff to take legal action to recover her property.

26. Their refusal to return the property without a court order demonstrates further procedural violations and potential retaliatory intent.

## CAUSES OF ACTION

Count 1: Fourth Amendment Violation (Unlawful Arrest)

27. Defendants violated Plaintiff's right to be free from unreasonable seizure by arresting her without probable cause or a valid warrant.

Count 2: Fourth Amendment Violation (Excessive Force)

28. Defendants used excessive force during Plaintiff's arrest, violating her constitutional rights.

Count 3: Fourteenth Amendment Violation (Due Process)

29. Defendants' refusal to return Plaintiff's property and their procedural misconduct deprived her of due process under the Fourteenth Amendment.

Count 4: First Amendment Violation (Retaliation)

30. Defendants engaged in retaliatory conduct by withholding Plaintiff's property after she filed complaints against them.

Count 5: Supervisory Liability (Chief Flowers)

31. Defendant Chief Flowers failed to properly oversee his department, allowing systemic negligence and misconduct.

Count 6: Fourteenth Amendment Violation (Due Process - Brenda & Sergeant Bird)

32. Defendants Brenda and Sergeant Bird unlawfully withheld Plaintiff's property, depriving her of due process protections under the Constitution.

**MOTION FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Punitive Damages:

   - $1,000,000 per officer involved in the unlawful arrest and excessive force.

   - $2,500,000 from Chief Flowers for his failure to investigate Plaintiff's complaint and systemic negligence in overseeing his department, and for unlawfully refusing to return Plaintiff's property until forced to do so by a court order.

   - $1,000,000 from Brenda Campbell, Clerk of Court for Aumsville, for her role in delaying and preventing the return of Plaintiff's property, contributing to procedural misconduct.

   - $1,000,000 from Sergeant Bird for his direct involvement in withholding Plaintiff's property, violating due process rights.

2. Compensatory Damages:

   - $500,000 for emotional distress caused to Plaintiff and her daughter.

   - $500,000 for the pain and cost of redoing body piercings.

   - $250,000 for the nearly 24 hours of unlawful detention.

   - $100,000 for time and resources spent recovering her property.

3. Expungement of Records:

- Full expungement and permanent deletion of Plaintiff's arrest records.

4. Injunctive Relief:

- Mandatory retraining of officers and establishment of an independent review process for complaints.

5. Costs and Fees:

- Compensation for Plaintiff's time, effort, and out-of-pocket expenses incurred in preparing and pursuing this case, including court filing fees, printing, mailing, and other associated costs.

6. Any Other Relief:

- Such other relief as this Court deems just and proper.

Submitted by: **/s/:Kelsey-Breeann: Boldman**
:Kelsey-Breeann: Boldman
Plaintiff, Pro Se
P.O. Box 34, Turner, Oregon [97392]
Kelsey.Boldman@gmail.com
971-368-5428

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**                                                                 Page 5 of 5