UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KELSEY-BREEANN BOLDMAN, | Case No. 6:25-cv-00603-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| AUMSVILLE POLICE DEPARTMENT; OFFICER ROBELLO; CHIEF FLOWERS; SERGEANT BIRD; BRENDA CAMPBELL, *Clerk of Court*; TURNER POLICE DEPARTMENT; OFFICER NIX; MARION COUNTY SHERIFF'S OFFICE; SERGEANT CRANDALL; and DEPUTY REJAIAN, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Kelsey-Breeann Boldman brings this 42 U.S.C. § 1983 ("Section 1983") action against Aumsville Police Department, Officer Robello, Chief Flowers, Sergeant Bird, Clerk of Court Brenda Campbell, Turner Police Department, Officer Nix, Marion County Sheriff's Office, Sergeant Crandall, and Deputy Rejaian for alleged violations of her First, Fourth, and Fourteenth Amendment rights. ECF No. 2. Before the Court is Plaintiff's Application to Proceed *in Forma Pauperis* ("IFP"). ECF No. 1. For the following reasons, Plaintiff's Application to Proceed IFP is granted. However, the Clerk of the Court shall not issue

process until further order of the Court because Plaintiff's Complaint is dismissed as to all Defendants except Defendant Officer Robello, and Plaintiff is granted 30 days to amend her Complaint.

## BACKGROUND

On September 22, 2024, Plaintiff was driving with her dog and daughter in her car when she was stopped and arrested by Defendant Robello of the Aumsville Police Department. Compl. ¶ 16, 18. During the course of that arrest, Defendant Robello allegedly used spike strips, struck Plaintiff's car, ripped her hair, threw her to the ground, and handcuffed her tightly. *Id.* at ¶ 17. Plaintiff was subsequently detained for nearly twenty-four hours, during which time her property—including her firearm and identification—was seized. *Id.* at ¶¶ 19, 20.

Plaintiff alleges that despite multiple written requests for her property to be returned to her, Defendants did not do so until she filed a motion with a court and a judge signed an order directing Aumsville Police Department to release her property back to her. *Id.* at ¶¶ 21, 23. She alleges the participation of Defendant Chief Flowers, Sergeant Bird, and Brenda Campbell in that deprivation. *Id*. at ¶¶ 22, 24, 25. In particular, Defendant Flowers forwarded Plaintiff's requests for the return of her property directly to the police department's insurance company instead of properly addressing it, Defendant Campbell delayed and prevented the return of Plaintiff's property by failing to properly process Plaintiff's requests and filings, and Defendant Bird "participated in the wrongful retention of Plaintiff's belongings." *Id.* at ¶¶ 22, 24, 25, 32. She alleges that the property retention had "potential retaliatory intent" based on "complaints" she filed against Defendants. *Id.* ¶¶ 26, 30.

Plaintiff asserts Fourth Amendment Unlawful Arrest and Excessive Force claims against all Defendants related to her arrest (Counts 1 and 2); Fourteenth Amendment Due Process and First Amendment Retaliation claims against all Defendants related to the retention of her

property (Counts 3 and 4); a "Supervisory Liability" claim against Defendant Chief Flowers (Count 5); and a Fourteenth Amendment Due Process claim against Defendants Campbell and Sergeant Bird (Count 6).

## DISCUSSION

### I. IFP Application

"The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). An application for IFP status is sufficient if "it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Id.* at 1234 (quoting *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

A review of Plaintiff's IFP Application indicates Plaintiff is unable to afford the costs of this litigation. Plaintiff is living on disability, supporting dependents, and has no other source of income to pay for this litigation. Plaintiff cannot afford the costs of this litigation and the necessities of life. Plaintiff's IFP Application is therefore granted.

### II. Mandatory Screening

#### A. Standard

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must

accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) ("allegations of material fact are taken as true and construed in the light most favorable to [plaintiff]").

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

    **B.    Analysis**

For the reasons below, Plaintiff adequately pleads Fourth Amendment claims against Defendant Officer Robello, but her Complaint is otherwise dismissed for failure to state a claim.

       1.     <u>Defendant Officer Robello</u>

Plaintiff alleges several Section 1983 claims against Defendant Officer Robello. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of federal constitutional rights under Section 1983, a party must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff first alleges Fourth Amendment claims against Defendant Officer Robello based on wrongful arrest and excessive use of force. With respect to the wrongful arrest claim (Count 1), an arrest is unconstitutional under the Fourth Amendment if it is not supported by probable cause. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 365 (2017). Probable cause under the Fourth Amendment exists if "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the individual] had committed a crime." *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citation omitted). "Probable cause is an objective standard." *Id*. Here, Plaintiff alleges that Defendant Officer Robello lacked probable cause to stop and arrest her. Compl. ¶ 16.

With respect to Plaintiff's Fourth Amendment excessive force claim (Count 2), the critical question "is whether the use of force was objectively reasonable in light of the facts and circumstances confronting the . . . officer[]." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (citation and internal quotations omitted). Here, Plaintiff alleges that Defendant Officer Robello "escalated the situation by deploying spike strips, striking Plaintiff's car, and using excessive physical force, including ripping her hair, throwing her to the ground, and tightly handcuffing her." Compl. ¶ 17.

The above allegations, coupled with Plaintiff's allegation that Defendant Officer Robello was acting under color of state law, Compl. ¶ 7, are sufficient at this stage of the litigation to state a claim for relief and put Defendant Robello on notice of the factual basis of Plaintiff's Fourth Amendment claims. However, Plaintiff has provided no factual allegations related to Defendant Officer Robello's alleged role in any Fourteenth Amendment or First Amendment violation. Those claims against Defendant Officer Robello (Counts 3 and 4) are dismissed for the same reasons discussed in the following section of this opinion.

2. <u>Individual Defendants Nix, Crandall, and Rejaian</u>

Plaintiff fails to state any claims against individual Defendants Officer Nix, Sergeant Crandall, and Deputy Rejaian. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, a complaint must be sufficient to put each defendant on notice of what they allegedly did to violate the plaintiff's constitutional rights. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even self-represented pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

Here, Plaintiff alleges that Defendants Nix, Crandall, and Rejaian were employed by their respective police departments and acted under color of state law. Compl. ¶¶ 12, 14, 15. However, she does not allege any facts about any of these Defendants' conduct. Without such allegations, the Court is unable to determine what facts underlie these claims and how each Defendant personally participated in any of the alleged constitutional violations. All claims against Defendants Nix, Crandall, and Rejaian are therefore dismissed for failure to state a claim.

3. <u>Municipal Liability</u>

Plaintiff also fails to state any claims against Defendants Aumsville Police Department, Turner Police Department, or Marion County Sheriff's Office (collectively, "Defendant Police

Departments"). Section 1983 permits a cause of action for constitutional violations only against "person[s]." In certain circumstances, a municipality may be held liable as a "person" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* Liability only attaches where the municipality itself causes the constitutional violation through the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694; *see also Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) ("[i]f the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior* liability") (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).

Here, Plaintiff alleges no facts supporting *Monell* liability. With respect to Plaintiff's claims against Defendant Aumsville Police Department, the Complaint only sets forth allegations of conduct by Aumsville Police Department Officer Robello, so the Complaint as to Defendant Aumsville Police Department can only be read to assert claims based on vicarious liability, not based on the execution of any policy or custom by the Defendant Aumsville Police Department itself. Plaintiff's claims against Defendants Turner Police Department and Marion County Police Department are even more threadbare, as there is no conduct alleged as to them or any of their employees at all. In sum, Plaintiff has failed to allege any policy or custom of any of the Defendant Police Departments that caused the alleged constitutional violations. Her Section 1983 claims against them are therefore dismissed for failure to state a claim.

    4.    <u>Supervisory Liability</u>

Plaintiff's Supervisory Liability Claim (Count 5) against Defendant Chief Flowers is also deficient. Although there is no vicarious liability under Section 1983, supervisory officials may

be liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation and citation omitted). In other words, "[e]ven if a supervisory official is not directly involved in the allegedly unconstitutional conduct, a supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation and citation omitted). A mere allegation that policies and procedures authorized allegedly unconstitutional conduct is insufficient. *Id.* Instead, "acquiescence or culpable indifference may suffice to show that a supervisor personally played a role in the alleged constitutional violations." *Starr*, 652 F.3d at 1208.

Here, Plaintiff's Count 5 alleges supervisory liability by Defendant Chief Flowers for failing to "properly oversee his department, allowing systemic negligence and misconduct." Compl. ¶ 31. Plaintiff's Complaint is devoid of any facts as to the nature of Defendant Chief Flowers' alleged culpable action or inaction or acquiescence in his supervisory capacity. Plaintiff's Supervisory Liability Claim against Defendant Chief Flowers is dismissed.

       5.      <u>Property-Related Claims</u>

Plaintiff also alleges Fourteenth and First Amendment claims against Defendants Brenda Campbell Sergeant Bird, and Chief Flowers based on their personal participation in "withholding" her property following her arrest without Due Process and in retaliation for filing complaints against them. Plaintiff's Complaint contains insufficient allegations to state such claims.

With respect to Plaintiff's Fourteenth Amendment Due Process Claims (Counts 3 and 6), "[t]he Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural Due Process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process. *Id.* at 1090. Here, Plaintiff's threadbare allegations are insufficient to plausibly state a procedural Due Process claim. In particular, there are insufficient facts to support whether and how she was deprived of a property interest, what process she was allegedly due, and what each of the defendants' role was in that alleged deprivation. Without such allegations, Plaintiff fails to plausibly support that the withholding of her property violated her Due Process rights and fails to put Defendants on notice of what was allegedly unlawful about their behavior.

As to Plaintiff's First Amendment Retaliation claim (Count 5), "the First Amendment prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected speech." *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022). Here, Plaintiff alleges only that "Defendants engaged in retaliatory conduct by withholding Plaintiff's property after she filed complaints against them." Compl. ¶ 30. Plaintiff's conclusory allegations fail to plausibly state a First Amendment retaliation claim. In particular, there are no facts alleged about the nature of the complaints, who they were lodged against, which Defendants allegedly withheld property, or whether there was a causal relationship between the complaints and the property deprivation.

    **C.**    **Leave to Amend**

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies

of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

Because it is not clear this Complaint could not be cured by amendment, the Court will permit Plaintiff an opportunity to amend her Complaint and address the deficiencies. The Court reminds Plaintiff that, should she elect to file an amended complaint, she must reallege each of her claims, including the specific facts underlying each claim, and "may not incorporate any part of [her] prior pleading[s] by reference." LR 15-1(a)(a). Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

For the reasons above, Plaintiff's IFP Petition, ECF No. 1, is GRANTED. However, the following claims are DISMISSED:

(1) Counts 1 and 2 as to all Defendants except Defendant Officer Robello.

(2) Counts 3 through 6.

Plaintiff has leave to amend her Complaint within 30 days of the date of this Order. If Plaintiff does not amend her Complaint, this case will proceed on Counts 1 and 2 against Defendant Officer Robello only. The Clerk of the Court shall not issue process until further order of the Court.

DATED this 1st day of July 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge